IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHRISTOPHER LIEW** | \* |
| | \* |
| **Plaintiff,** | \* |
| | \*   **CASE NO. 4:20-cv-20-4053** |
| **v.** | \* |
| | \* |
| **SERVOMEX COMPANY** | \* |
| | \* |
| **Defendant.** | \* |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Christopher Liew (hereinafter "Liew" or "Plaintiff") brings this suit against and complains of Servomex Company (referred to as "Defendant" or "SERVOMEX").

### A.  NATURE OF THE CASE

1. This employment discrimination case is brought by Christopher Liew, a former assistant manager for Servomex Company.  Plaintiff Liew brings this race discrimination, age discrimination, and retaliation case pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et. seq. ("Title VII") and Age Discrimination in Employment Act (ADEA).

2. Liew brings this action because Servomex has maintained a discriminatory workplace in which he has been subject to discrimination based upon his race, national origin, and age. When Liew opposed these unlawful discriminatory practices, Servomex retaliated against him by harassing him and ultimately fired him.  Liew's opposition to Servomex's

1

discriminatory employment practices was also a motivating factor for his constructive discharge.

### B. PARTIES

3. Plaintiff CHRISTOPHER LIEW is an individual, who is a citizen of the State of Texas and resided within the Southern District of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

4. Defendant Servomex Company is a foreign for-profit corporation that may be served through its registered agent United Agent Group Inc. at 2425 W Loop South #200, Houston, TX, 77027 or wherever they may be found.

### C. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States. Within 300 days of occurrences of the acts complained of, Liew, filed his initial complaint with the Equal Employment Opportunity Commission ("EEOC").

6. Liew has exhausted any applicable administrative remedies and on August 31, 2020, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of his receipt of the Dismissal and Notice of Right to Sue letter.

7. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

8. Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Servomex has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Liew's causes of action occurred in the Southern District of Texas.

### D.  STATEMENT OF FACTS

9. Plaintiff Liew, an Asian male over the age of 40, was employed as a Senior Accountant with Servomex from February 4, 2015 to December 4, 2018.

10. During his employment, Ms. Anita Martin was hired by Servomex as the Human Resources Manager.

11. Ms. Martin started to discriminate against and harass Liew based on his race and national origin.  Ms. Martin did not harass non-Asian employees.

12. Ms. Martin and Liew filed HR complaints against each other.

13. Servomex sent Nick Popper, an in-house counsel from Spectris (Servomex's parent company) flew in from England to investigate the latest HR complaint that Plaintiff Liew made against Ms. Martin.

14. Mr. Popper's investigation of Anita Martin ended in July of 2018.

15. At the conclusion of the investigation of Mr. Liew's HR complaint against Ms. Anita Martin, she resigned.

16. As a result of the investigation, Mr. Popper and Sian Haynes, Chief Financial Officer, were aware that Liew had made HR complaints of discrimination by Servomex's Human Resource Manager.

17. On May 14, 2018, Liew's direct manager passed away and left his Senior Finance Manager position vacant.

18. Both Liew and Mr. Luciano Fortes applied for the Senior Finance Manager position.

19. Liew had more years of experience with Servomex than Mr. Fortes.

20. At the time of his application for the manager position, Mr. Fortes was not even an employee of Servomex.

21. At the time of his application, Mr. Fortes had not done any month-end close or forecast for the company.

22. Mr. Fortes had never prepared a budget for Servomex.

23. When he applied for the job, Liew was the sole person who did the month-end close, forecast, and prepared the budget for 2019.

24. Liew had more experience than Mr. Fortes but did not get selected by Mr. Haynes for the Senior Finance Manager position.

25. Mr. Fortes was substantially younger than Liew.

26. Sian Haynes, Chief Financial Officer, selected Mr. Fortes for the promotion instead of Liew. When Mr. Hayes picked Mr. Fortes for the Senior Finance Manager position, Mr. Fortes became Liew's supervisor.

27. Servomex retaliated against Liew by requiring him to train his supervisor on a regular basis for the job that Liew wanted.

28. In retaliation for his past protected activity of complaining about discrimination, Servomex began a campaign of documenting reasons to terminate Liew.

29. Based on reasonable belief, Mr. Fortes and Ms. Hayes collected various complaints from Liew's co-workers from July through November of 2018.

30. When Servomex employees (who were not Asian or whose national origin were not from Asia, or had not filed a complaint of discrimination) were accused by another co-worker of making inappropriate discriminatory comments, Servomex would inform them of the accusation, allow for them to respond, and clear their name before the complaint resulted in disciplinary action.

31. Servomex did not solicit complaints from co-workers against employees (who were not Asian or who's national origin were not from Asia or had not filed a complaint of discrimination).

32. From July through November of 2017, Mr. Hayes and Mr. Fortes were involved in collecting complaints about Plaintiff Liew from his co-workers.

33. From July through November of 2017, Mr. Hayes and Mr. Fortes never told Plaintiff Liew that they received complaints about him from his co-workers.

34. From July through November of 2017, Mr. Hayes and Mr. Fortes never told Plaintiff Liew that they were investigating complaints from his co-workers about him

35. Servomex did not inform Liew each time a co-worker made a complaint against him.

36. Rather than give him verbal warnings or counseling, Mr. Fortes continued to work with him on a regular basis between July through November 2018 without saying a thing.

37. Until the date of termination, Servomex did not inform Liew of their investigation into his alleged misconduct.

38. Servomex has an anti-discrimination policy and requires prompt notice to the employee who discriminates against a co-worker followed by an investigation.

39. Servomex did not discipline Liew after every complaint made between June through October of 2018.

40. Servomex did not tell the alleged victims of Liew's alleged misconduct that they investigated the individual complaint and disciplined Liew.

41. The reason for this is that Servomex did not treat these alleged misconduct as legitimate complaints until they needed justifications to fire him on December 4, 2018.

42. **S**ervomex sent Ms. Haynes from England to the Servomex office in Sugarland in order to fire Liew on December 4, 2018.

43. Based on reasonable belief, after Servomex fired Liew, they replaced Liew with substantially younger employee(s).

44. The basis for terminating Liew was not valid and pretext for discrimination and retaliation at best.

45. For example, Servomex accused Liew of raising his voice to Ms. Robin Minor, an African American co-worker.

46. Ms. Minor worked in a cubical in an open space work area.

47. If Liew had yelled at Ms. Minor, other co-workers in the adjacent cubicle would have been able to hear him.

48. No one else heard Liew yell at Ms. Minor on this occasion.

49. Despite this, Servomex accused Liew of yelling at a co-worker and using that as a basis for terminating him on December 4, 2018.

50. During his many years of employment with Servomex, Plaintiff Liew always received good or excellent performance evaluations.

51. During the years of employment, Servomex never counseled or disciplined Plaintiff Liew for misconduct.

52. From his date of hire until June of 2017, Servomex never received any accusations of discrimination against Mr. Liew.

53. Three hundred days after he was fired, Liew filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 30, 2019.

54. Servomex subsequently fired Mr. Fortes for performance reasons.

55. This development confirms that Liew was more qualified than Mr. Fortes for the Senior Finance Manager position.

56. The effect of the practices complained of in the foregoing has been to deprive Liew of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age, race, and national origin for subsequently complaining about the discrimination.

57. The unlawful employment practices complained of in the foregoing were intentional.

58. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state-protected rights of Liew.

### E.  CAUSES OF ACTION

**Count 1: Race and National Origin Discrimination Under Title VII of the Civil Rights Act**

59. Liew repeats and realleges paragraphs 1 through 58 with the same force and effect as though fully set forth herein.

60. Servomex's employment practices had a disparate impact on Liew because of his age, race, national origin, and protected activities.

61. Servomex's actions demonstrate that they have engaged in age, race, national origin discrimination and retaliatory practices with malice or with reckless indifference to Liew's protected rights and are in violation of Title VII of the Civil Rights Act.

62. During his employment with Servomex, Liew was subjected to discrimination that was based upon his race, national origin, and protected activity.

63. Servomex's discrimination and retaliation of Liew culminated in one or more tangible employment actions, including termination.

64. Such discrimination and retaliation has caused Liew to suffer damages of severe emotional distress and lost wages including lost raises, seniority, and retirement benefits, and other benefits associated as Liew has been subjected to an adverse employment action as a result of the retaliation. Such discrimination was committed with malice and reckless indifference to the rights of Liew who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

65. Liew has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated and retaliated against by Servomex.

66. Liew is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the results of Servomex's retaliatory practices and they will continue unless and until this Court grants relief.

**Count No. 2- Retaliation in Violation of Title VII**

67. Liew repeats and realleges paragraphs 1 through 58 with the same force and effect as though fully set forth herein.

68. Servomex's internal records now reflect that Plaintiff Liew was terminated for misconduct.

69. Because Servomex terminated Plaintiff Liew was for misconduct, he is ineligible for rehire.

70. Servomex's actions, either through themselves or through their agents, representatives, and/or employees, constituted unlawful retaliation in violation of Title VII.

71. Liew has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated against and retaliated against by Servomex.

72. Liew is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the results of Servomex's retaliatory practices and they will continue unless and until this Court grants relief.

**Count No. 3-ADEA**

73. Liew repeats and realleges paragraphs 1 through 58 with the same force and effect as though fully set forth herein.

74. Servomex's termination of Liew and replacing him with a younger employee represents a violation of the ADEA.

75. Liew has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated against and retaliated against by Servomex.

76. Servomex has willfully violated the ADEA. As a result, Liew is entitled to recover liquidated damages.

77. Liew can recover attorney's fees, back pay, and reinstatement or front pay.

## F.  PRAYER

For these reasons, Plaintiff, Christopher Liew, prays that Defendant Servomex Company is cited to appear and answer herein and that on final hearing this Court grant the following relief:

a) For actual damages;

b) Back pay to compensate Liew for loss of income and/or employment-related benefits resulting from age discrimination under ADEA, and the Title VII discriminatory and retaliatory actions of Defendant;

c) Reinstatement;

d) Compensatory damages for severe mental anguish in the past and future, injury to his reputation, for adverse effects on his career, and diminished earning capacity resulting from the Title VII discriminatory and retaliatory actions of Defendant;

e) Under Title VII, for exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter the continuation of Defendant's unlawful employment practices;

f) Under Title VII and ADEA, an award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

g) Liquidated damages for willful violation of ADEA;

h) Pre-judgment interest at the highest rate allowed by law;

i) Post-judgment interest at the highest rate allowed by law; and

j) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully submitted,

TRAN LAW FIRM

*/S/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**